**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11074
Summary Calendar

DORIS J. WALKER

Plaintiff-Appellant

VERSUS

ATE MANAGEMENT AND SERVICE COMPANY INC;
DALLAS AREA RAPID TRANSIT; RYDER SYSTEMS INC.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CV-1782-G)

March 24, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellant Walker, proceeding pro se, sued ATE Management and Service Company, Inc. ("ATE"), in Texas State Court claiming damages because of alleged defamation and malicious prosecution by ATE. ATE removed the case to district court based

_____

Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

on diversity. Walker then amended to name Dallas Area Rapid Transit ("DART"), Marvin Buffins ("Buffins"), and Ryder System, Inc. ("Ryder") as Defendants, and to assert numerous additional state law causes of action. All the claims arose from an altercation between Walker and Buffins at work at ATE where Walker was employed as a bus driver and Buffins was employed as a supervisor. Buffins assaulted Walker, who shot Buffins. The altercation apparently arose out of the long standing intimate personal relationship between the two and had nothing to do with their work.

Court ordered mediation resulted in an agreement by Walker to dismiss her claims against Ryder and DART. The agreement was reduced to writing and filed in accordance with Texas law. Shortly thereafter, Walker amended her suit to assert new causes of action against ATE, Ryder, and DART and naming an additional defendant. The district court struck the amending complaint as having been filed without obtaining permission, and granted Ryder and DART's motions to enforce the settle agreement and for sanctions. It also granted summary judgment for all Appellees. Subsequently, the court entered final judgment as to all remaining parties. Walker now appeals the summary judgment, enforcement of the settlement agreement and the imposition of sanctions.

Walker acknowledges that she made the settlement agreement, but claims that it was coerced because the independent mediator exercised undue influence over her. However, she offers

insufficient evidentiary support to create an issue of fact on this point.  Walker also argues that the sanctions awarded are improper, but they are in strict accord with the settlement agreement.

Additionally, we note that numerous other grounds given by the district court support its decisions, among them, that there is no evidence that when he committed the assault Buffins was acting within the course and scope of his employment, and both DART and its independent contractor ATE are entitled to immunity under the Texas tort statute.

In short, our careful review of the record and consideration of the briefs indicates no error.

AFFIRMED.